**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

Case No. 1:21-cr-20179-KMM

UNITED STATES OF AMERICA,

    Plaintiff,
v.

AGUSTIN VINCENTE SUAREZ CHOMPOL,
*et al.*,

    Defendants.
_____/

**ORDER ON REPORT AND RECOMMENDATION**

THIS CAUSE came before the Court upon Defendant Agustin Vincente Suarez's Motion to Withdraw Plea and Dismiss Indictment (ECF No. 68), Defendant Jorge Santiago Acosta Chiquito's Motion for Reconsideration of Order Denying Motion to Dismiss the Indictment for Lack of Jurisdiction (ECF No. 69), and Defendant Julio Cesar Quinones Calzada's Motion to Withdraw Plea and Dismiss Indictment (ECF No. 73).  The Court referred the motions to the Honorable Lauren F. Louis, United States Magistrate Judge, who issued a Report and Recommendation recommending that the motions be DENIED.  ("R&R") (ECF No. 108).  Defendant Suarez Chompol filed objections to the R&R ("Objs.") (ECF No. 109), which Defendants Quinones Calzada and Acosta Chiquito each move to adopt (ECF Nos. 112, 113).[1]  The Government filed a response to the objections.  ("Resp.") (ECF No. 114).  No Defendant filed a reply.  The matter is ripe for review.[2]  As set forth below, the Court ADOPTS the R&R.

---

[1] The Court hereby GRANTS the motions to adopt Defendant Suarez Chompol's objections (ECF Nos. 112, 113).  Accordingly, the Court addresses Defendants' joint objections in this Order.

[2] The Court assumes familiarity with the facts and procedural history, which are set forth in the R&R.  *See* R&R at 1–5.

I.  **LEGAL STANDARD**

The Court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. § 636(b)(1); Fed. R. Crim. P. 59(b)(3). The Court "must consider *de novo* any objection to the magistrate judge's recommendation." Fed. R. Crim. P. 59(b)(3). Those portions of the report and recommendation to which objection is made are accorded *de novo* review if those objections "pinpoint the specific findings that the party disagrees with." *United States v. Schultz*, 565 F.3d 1353, 1360 (11th Cir. 2009)

Yet a party's objections are improper if they expand upon and reframe arguments already made and considered by the magistrate judge, or if they simply disagree with the magistrate judge's conclusions. *See Melillo v. United States*, No. 17-CV-80489, 2018 WL 4258355, at *1 (S.D. Fla. Sept. 6, 2018); *see also Marlite, Inc. v. Eckenrod*, No. 10-23641-CIV, 2012 WL 3614212, at *2 (S.D. Fla. Aug. 21, 2012) ("It is improper for an objecting party to . . . submit [ ] papers to a district court which are nothing more than a rehashing of the same arguments and positions taken in the original papers submitted to the Magistrate Judge. When a party has not properly objected to the magistrate judge's findings, "the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *See Keaton v. United States*, No. 14-21230-CIV, 2015 WL 12780912, at *1 (S.D. Fla. May 4, 2015); *see also Lopez v. Berryhill*, No. 17-CV-24263, 2019 WL 2254704, at *2 (S.D. Fla. Feb. 26, 2019) (stating that a district judge "evaluate[s] portions of the R & R not objected to under a clearly erroneous standard of review" (citing *Davis v. Apfel*, 93 F. Supp. 2d 1313, 1317 (M.D. Fla. 2000))).

II.  **DISCUSSION**

As set forth in the R&R, Magistrate Judge Louis makes the following findings: (1) Defendants Suarez Chompol and Quinones Calzada should not be permitted to withdraw their

guilty pleas because their motions to dismiss the indictment for want of subject matter jurisdiction would fail[3] and (2) Defendant Acosta Chiquito's Motion for Reconsideration fails because it improperly characterizes a now-withdrawn First Circuit opinion as controlling law. This Court agrees.

In their objections, Defendants express general "disagree[ment] with the Magistrate Court's reasoning and legal rationale in its report and recommendation." Objs. at 1. To the extent that Defendants make a specific objection, they argue that Magistrate Judge Louis erred in failing to recognize that the Government had not proved statutory jurisdiction beyond a reasonable doubt.[4] *See id.* at 1–2. In response, the Government argues that it need only prove the facts establishing jurisdiction by a preponderance of the evidence—and, in any case, that the facts here satisfy either standard. *See generally* Resp.

Under the MDLEA, it is a crime to "knowingly or intentionally . . . manufacture or distribute, or possess with intent to manufacture or distribute, a controlled substance" while on

---

[3]  As discussed at length in the R&R, Defendants rely on *United States v. Dávila-Reyes*, 23 F.4th 153 (1st Cir. 2022) (withdrawn), a now-withdrawn opinion from the First Circuit Court of Appeals, for their position that § 70502(d)(1)(C) of the Maritime Drug Law Enforcement Act ("MDLEA"), 46 U.S.C. §§ 70501–70508, is facially unconstitutional. *See* R&R at 7–12. In keeping with her colleagues on this Court, Magistrate Judge Louis declines to follow the reasoning in the First Circuit's recently withdrawn opinion. R&R at 7–12; *see, e.g.*, United States v. Cueto-Sanchez, No. 22-cr-20282, 2022 WL 3715855 (S.D. Fla. Aug. 29, 2022); United States v. Eusebio, No. 1:21-cr-20580, 2022 WL 3445204 (S.D. Fla. Aug. 17, 2022); United States v. Rodriguez, No. 22-cr-20080, 2022 WL 3356632 (S.D. Fla. Aug. 15, 2022); United States v. Caraballo, No. 21-cr-20581, 2022 WL 2158732 (S.D. Fla. June 15, 2022).

[4]  Defendants raise the burden of proof argument for the first time in their objections. The Court has "wide latitude when deciding whether to consider arguments first raised in a movant's objections." *Rios v. United States*, No. 17-cv-23715, 2018 WL 7252900, at *1 (S.D. Fla. Jan. 10, 2018); *see Williams v. McNeil*, 557 F.3d 1287, 1292 (11th Cir. 2009) (holding that a district court did not abuse its discretion in refusing to consider petitioner's timeliness arguments which were not raised in the first instance to the magistrate judge). In the interest of justice, the Court considers the objections here.

3

board "a vessel subject to the jurisdiction of the United States," and to conspire to do the same. 46 U.S.C. §§ 70503(a)(1), (e)(1), and 70506(b). The Government must show that a vessel is subject to the jurisdiction of the United States to establish the Court's subject matter jurisdiction. *See United States v. Tinoco*, 304 F.3d 1088, 1114 (11th Cir. 2002). The Eleventh Circuit has "interpreted the 'on board a vessel subject to the jurisdiction of the United States' portion of the MDLEA as a congressionally imposed limit on courts' subject matter jurisdiction, akin to the amount-in-controversy requirement contained in 28 U.S.C. § 1332." *United States v. De La Garza*, 516 F.3d 1266, 1271 (11th Cir. 2008); *see United States v. Iguaran*, 821 F.3d 1335, 1336 (11th Cir. 2016). The Government's failure to establish jurisdiction is grounds to dismiss the indictment. *See United States v. Guerro*, 789 F. App'x 742, 750–51 (11th Cir. 2019).

The MDLEA's definition of a "vessel subject to the jurisdiction of the United States" includes, among other things, "a vessel without nationality." 46 U.S.C. § 70502(c)(1)(A). A vessel without nationality includes (a) "a vessel aboard which the master or individual in charge makes a claim of registry that is denied by the nation whose registry is claimed"; (b) "a vessel aboard which the master or individual in charge fails, on request of an officer of the United States authorized to enforce applicable provisions of United States law, to make a claim of nationality or registry for that vessel"; and (c) "a vessel aboard which the master or individual in charge makes a claim of registry and for which the claimed nation of registry does not affirmatively and unequivocally assert that the vessel is of its nationality." *Id.* § 70502(d)(1).

Each Defendant in this matter submitted a factual proffer containing facts that clearly establish he was aboard a vessel without nationality at the time of his arrest. (ECF Nos. 61, 63, 65). Parties may not stipulate to jurisdiction. *See Iguaran*, 821 F.3d at 1337. However, parties may "stipulate to facts that bear on our jurisdictional inquiry." *Eng'g Contractors Ass'n of S. Fla.*

*v. Metropolitan Dade County*, 122 F.3d 895, 905 (11th Cir. 1997). The Court need not resolve the question of whether the government must establish the jurisdictional requirement beyond a reasonable doubt or by a preponderance of the evidence, since the Government has plainly met the higher standard of proof in this case. *See Tinoco*, 304 F.3d at 1114 n.25; *see also Griffin v. United States*, 588 F.2d 521, 530 n.19 (5th Cir. 1979) (choosing not to resolve issue concerning the burden of proof that should apply when the party carrying the burden had "met both burdens of proof"). As a result, the record is sufficient to establish the Court's subject matter jurisdiction. *Cf. United States v. Lopez*, 819 F. App'x 821, 825 (11th Cir. 2020). Accordingly, the Court finds Defendants' objections to be without merit.

### III.   CONCLUSION

Accordingly, UPON CONSIDERATION of the Report and Recommendation, the pertinent portions of the record, and being otherwise fully advised in the premises, it is hereby ORDERED AND ADJUDGED that Magistrate Judge Louis's R&R (ECF No. 108) is ADOPTED. Defendant Suarez's Motion to Withdraw Plea and Dismiss Indictment (ECF No. 68), Defendant Acosta Chiquito's Motion for Reconsideration of Order Denying Motion to Dismiss the Indictment for Lack of Jurisdiction (ECF No. 69), and Defendant Quinones Calzada's Motion to Withdraw Plea and Dismiss Indictment (ECF No. 73) are DENIED. This Order does not alter the time or date of the sentencing hearings set by the Court's July 27, 2022 Notice (ECF No. 106).

DONE AND ORDERED in Chambers at Miami, Florida, this 23rd day of September, 2022.

K. MICHAEL MOORE
UNITED STATES DISTRICT JUDGE

c: All counsel of record